**FILED**
JAN - 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                          )
AMERICAN POSTAL WORKERS UNION,            )
AFL-CIO                                   )
1300 L Street, N.W.                       )
Washington, D.C.  20005,                  )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )   Civil Action No.
                                          )
NATIONAL POSTAL MAIL HANDLERS'            )   CASE NUMBER  1:07CV00003
UNION, A DIVISION OF LABORERS'            )
INTERNATIONAL UNION OF NORTH              )   JUDGE: Paul L. Friedman
AMERICA, AFL-CIO                          )
                                          )   DECK TYPE: Labor/ERISA (non-employme
                    Defendant             )
                                          )   DATE STAMP: 01/03/2007
        and                               )
                                          )
UNITED STATES POSTAL SERVICE,             )
475 L'Enfant Plaza, S.W.                  )
Washington, D.C.  20260,                  )
                                          )
             Necessary Party              )
                                          )
```

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. This is an action for breach of a collective bargaining agreement brought under Section 1208(b) of the Postal Reorganization Act, 39 U.S.C. §1208(b) by the American Postal Workers Union, AFL-CIO ("APWU") against the National Postal Mail Handlers Union, a Division of the Laborers' International Union of North America ("MHU"). The United States Postal Service ("Postal Service") is named as a necessary party in accordance with Rule 19(a), F. R. Civ. P. The collective bargaining agreement at issue is one governing work jurisdiction disputes,

1

namely, the memorandum dated April 16, 1992, entitled "Memorandum of Understanding" pertaining to "Regional Instruction 399 - Dispute Resolution Procedures" ("the MOU"). In this action, the APWU seeks a declaration that the MHU has breached and continues to be in breach of the MOU. The APWU also seeks a permanent injunction directing the MHU to comply with the MOU.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties under 39 U.S.C. §§ 409 and 1208(b), and under 28 U.S.C. §§ 1331, 1337, 2201, and 2202.

3. Venue is proper uncer 39 U.S.C. § 1208(b) and 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff APWU is an unincorporated labor organization with its offices at 1300 L Street, N.W., Washington, D.C. 20005. The APWU is party to a collective bargaining agreement with the Postal Service and represents, for purposes of collective bargaining, approximately 300,000 employees of the Postal Service nationwide, including postal clerks in the clerk craft.

5. Defendant MHU is an unincorporated labor organization with its offices at 1101 Connecticut Avenue, N.W., Suite 500 Washington, D.C. 20036. The MHU is party to a separate collective bargaining agreement with the Postal Service and represents, for purposes of collective bargaining, approximately 50,000 employees of the Postal Service.

6. The Postal Service is an independent establishment of the Executive Branch of the Government of the United States under 39 U.S.C. § 101 . Postal Service headquarters are at 475 L'Enfant Plaza, S.W., Washington, D.C. 20260.

## STATEMENT OF FACTS

### BACKGROUND

7. At all material times, the Postal Service has maintained a National Agreement with the APWU covering the wages, hours and working conditions of postal employees in a number of groupings or crafts, including the clerk craft, comprising postal clerks, nationwide.

8. The Postal Service has maintained a separate National Agreement with the MHU covering the wages, hours and working conditions of mail handlers in the mail handler craft nationwide.

9. At all material times, disputes between the APWU and the MHU concerning assignment of work have been common. These disputes involve disagreements between the two unions and the Postal Service in which the APWU claims that certain work must ordinarily be assigned to clerk craft and the MHU claims that the same work must ordinarily be assigned to mail handler craft. The parties refer to these work assignment disputes as "jurisdictional disputes." The Postal Service is obliged to make work jurisdiction determinations under a document known as Regional Instruction 399 (known to the parties as "RI-399").

10. Prior to April 16, 1992, such jurisdictional disputes between the two unions frequently led to the filing of RI-399

grievances by the union claiming the work had been assigned incorrectly. In such a case, the grievance would be filed by the aggrieved union against the Postal Service, claiming a violation of the aggrieved union's collective bargaining agreement.

11. Under each union's separate collective bargaining agreement with the Postal Service, there is a multi-step grievance procedure leading to arbitration before a neutral arbitrator, if the grievance is not resolved through the grievance procedure prior to arbitration. Before April 16, 1992, both unions filed jurisdictional grievances against the Postal Service and both unions presented jurisdictional grievances to neutral arbitrators for resolution under their respective collective bargaining agreements. This process proved to be unsatisfactory to the parties.

12. On April 16, 1992, the APWU, the MHU and the Postal Service signed the MOU, which established a "new procedure for resolving jurisdictional disputes." The MOU created dispute resolution committees meetings of which "must be schedules with sufficient frequency so that a decision can be rendered within the time limits contained in" the MOU.

13. Under the MOU, "[e]ither union party may initiate a dispute at the National level when such dispute involves an interpretive issue which under the National Agreement is of general application."

## FAILURE TO APPOINT AND MAINTAIN A NATIONAL ARBITRATOR

14. With respect to national level arbitration of jurisdictional disputes, the MOU provides that "[o]ne arbitrator will be jointly selected by the parties at the national level on the basis of mutual agreement."

15. Beginning shortly after April 29, 1992, representatives of the APWU have met repeatedly with representatives of the MHU and the Postal Service seeking, among other things, agreement on appointment of a National level arbitrator in accordance with the MOU. It was not until in or about 1997 that the MHU agreed with the APWU and the Postal Service on the appointment of Arbitrator Dana Eischen. Arbitrator Eischen issued only one award on April 24, 1998, before his term of appointment expired.

16. It was not until in or about 2003 that the MHU agreed with the APWU and the Postal Service on the appointment of Arbitrator Joseph Sharnoff. Arbitrator Sharnoff issued a single award on April 22, 2006, by which date his term of appointment had already expired.

17. Despite repeated requests by the APWU, the MHU and the Postal Service have failed to agree with the APWU on the appointment of a successor to Arbitrator Sharnoff or on the renewal of Arbitrator Sharnoff's appointment. Although the parties reached agreement in principle on or about June 28, 2006, to re-appoint Arbitrator Sharnoff, the MHU has failed and refused to finalize the appointment.

18. Since the signing of the MOU on April 16, 1992, only two national arbitration awards have been issued.

19. There are fourteen disputes pending at the national level, all but two of which are APWU-initiated disputes. These involve approximately 10,000 jobs which the APWU alleges the Postal Service has erroneously assigned to the mail handler craft.

20. As a result of the Postal Service's jurisdictional decisions which the APWU has disputed, APWU-represented clerks have often been, are being and will be involuntarily reassigned, frequently to lower-level positions and/or distant locations, while the Postal Service is assigning and hiring mail handlers to perform the work at the locations where reassigned clerks had formerly performed the work.

21. The MHU has obstructed and delayed the appointment of a national arbitrator, at least in part, because the pending disputes concern claims by the APWU that the Postal Service has erroneously assigned work primarily to the mail handler craft which should have been assigned to the clerk craft. In the circumstances, delay is in the interests of the MHU.

22. The MHU has been and is in breach of the MOU by its failure to appoint and maintain a national arbitrator.

### FAILURE TO SCHEDULE AND ATTEND NDRC MEETINGS

23. The last meeting of the NDRC which dealt with jurisdictional issues or the appointment of a national arbitrator took place on June 28, 2006.

24. Since June 28, 2006, notwithstanding requests by the APWU, the MHU has refused to schedule or attend another meeting for these purposes.

25. The MOU requires that meetings of the NDRC "must be scheduled with sufficient frequency so that a decision can be rendered within the time limits contained in this [MOU]."

26. The MHU has been and is in breach of the MOU by its failure to schedule and attend NDRC meetings as required by the MOU.

### FAILURE TO SCHEDULE ARBITRATIONS

27. Under the MOU, the NDRC has 60 calendar days after receipt of a properly filed or appealed dispute to attempt to resolve the dispute, and, if unresolved, the parties should thereafter write a "tripartite decision" setting forth the position of each party. The MOU states that the "moving Union may appeal the dispute to National Arbitration within twenty-one (21) calendar days of the date of receipt of the written decision of the" NDRC. The MOU further states: "If a committee fails to render a decision within the time frames in [the MOU] the moving union may appeal the dispute to the next step in the procedure." The MOU further states: "Scheduling of cases will be jointly performed by the parties from a list of dates submitted by the national arbitrator." According to the MOU, "[t]ime frames [for arbitration] will be the same as those designated for regional arbitration. Addressing regional arbitration, the MOU states: "Cases will be scheduled and heard within ninety (90) calendar

days after receipt of the appeal."

28. On or about January 26, 2006, the APWU appealed Case Q00C-4Q-C 04189225 (involving work assignments related to the Automated Package Processing System ("APPS") to arbitration.

29. On or about January 26, 2006, the APWU appealed Case Q00C-4Q-C 04189233 (involving work assignments at the Priority Mail Processing Centers ("PMPCs") and the Logistics and Distribution Centers ("L&DCs")) to arbitration.

30. The APWU has submitted to the NDRC its written positions on the APPS and the PMPC and L&DC disputes.

31. The APWU has complied with all the prerequisites of the MOU to the arbitration of the APPS and the PMPC and L&DC disputes.

32. At the NDRC meeting on June 28, 2006, the MHU stated that it did not intend to schedule arbitration of the APPS and the PMPC and L&DC disputes.

33. The MHU has failed and refused and continues to fail and refuse to fulfill its obligation under the MOU to schedule the APPS and the PMPC and L&DC disputes for arbitration.

34. The MHU has been and is in breach of the MOU by its failure and refusal to arbitrate the APPS and the PMPC and L&DC disputes as required by the MOU.

**INJURIES TO THE APWU AND THE CLERKS IT REPRESENTS**

35. As a result of the breaches of the MOU by the MHU alleged above, the APWU and the clerks it represents have suffered and continue to suffer substantial injuries. These

include, but are not limited to:

    a. The abrogation of the grievance and arbitration procedures under the APWU National Agreement without any alternative arbitration procedure.

    b. The inability of the APWU to obtain resolution of jurisdictional disputes that would have been resolved if the grievance and arbitration procedures under the APWU National Agreement, rather then those of the MOU which the MHU has obstructed and violated, had been followed.

    c. The loss of work opportunities for APWU-represented clerks because the Postal Service is erroneously assigning work to mail handlers.

    d. The reassignment of APWU-represented clerks to lower-level work at distant locations while the Postal Service is assigning and hiring mail handlers to perform the work which should be performed by clerks.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff APWU asks this Court to issue a decision and order:

(1) Finding that the MHU is in breach of the MOU;

(2) Ordering the MHU to comply with the MOU, including but not limited to:

    (A) Scheduling and attending meetings of the NDRC and conferring in good faith with the APWU and the Postal Service on issues pending and placed before the NDRC;

    (B) Signing forthwith a letter appointing Arbitrator Joseph Sharnoff or another arbitrator as the parties' national arbitrator;

    (C) Scheduling forthwith the arbitrations of the APPS and the PMPC and L&DC disputes

(3) Granting plaintiff such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>_____
>Anton G. Hajjar (D.C. Bar No. 359267)
>O'DONNELL, SCHWARTZ & ANDERSON, P.C.
>1300 L Street, NW, Suite 200
>Washington, D.C. 20005-4178
>Telephone (202) 898-1707
>Facsimile (202) 682-9276
>ahajjar@odsalaw.com

Dated: January 3, 2007

K
07-3
PLF

JS-44
(Rev. 2/01 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

American Postal Workers Union, AFL-CIO
1300 L Street, NW, Suite 1200
Washington, DC 20005

11001

**DEFENDANTS**

United States Postal Service
475 L'Enfant Plaza, SW
Washington, DC 20260
National Postal Mail Handlers Union, A Division of Laborers' International Union North America, AFL-CIO
1101 Connecticut Avenue, N. W. Suite 500
Washington DC 20036

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Anton G. Hajjar
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, N.W., Suite 1200
Washington, D.C. 20005      (202) 898-1707

CASE NUMBER   1:07CV00003

JUDGE: Paul L. Friedman

DECK TYPE: Labor/ERISA (non-employme

DATE STAMP: 01/03/2007

**II BASIS OF JURISDICTION** (SELECT ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENS** (FOR DIV...)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○1 | ○1 | Incorporated or Principal Place of Business in This State | ○4 | ○4 |
| Citizen of Another State | ○2 | ○2 | Incorporated and Principal Place of Business in Another State | ○5 | ○5 |
| Citizen or Subject of a Foreign Country | ○3 | ○3 | Foreign Nation | ○6 | ○6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

③

NOT 1st DFT.

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ⊙ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☒ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
A breach of a collective bargaining agreement, 39 U.S.C. § 1208 (b).

VII. REQUESTED IN COMPLAINT     CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ _____     Select YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

VIII. RELATED CASE(S) IF ANY  (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE January 3, 2007    SIGNATURE OF ATTORNEY OF RECORD _____

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.