IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:07-CV-00003 ) |
| NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, | ) ) ) ) ) ) |
| and | ) ) |
| UNITED STATES POSTAL SERVICE, | ) ) |
| Defendants. | ) ) |

## ANSWER

Defendant National Postal Mail Handlers Union, a Division of the Laborers' International Union of North America ("NPMHU"), through counsel, answers the numbered paragraphs of the Complaint as follows:

**FIRST DEFENSE**

1.     This introductory paragraph states Plaintiff's legal theories and conclusions rather than factual allegations and therefore requires no response. To the extent that Paragraph 1 alleges facts as to which an answer is required, the NPMHU admits that this is an action for breach of a collective bargaining agreement arising under 39 U.S.C. § 1208(b), filed by Plaintiff American Postal Workers Union, AFL-CIO ("Plaintiff" or "APWU") against the NPMHU and

the United States Postal Service ("Postal Service").  Except as stated above, the allegations of paragraph 1 are denied.

## Jurisdiction and Venue

2. The NPMHU admits the allegations contained in this paragraph.

3. The NPMHU admits the allegations contained in this paragraph.

## Parties

4. The NPMHU admits the allegations contained in this paragraph, except that it denies that the APWU represents approximately 300,000 employees of the Postal Service.

5. The NPMHU admits the allegations contained in this paragraph, except that it denies that the NPMHU only represents approximately 50,000 employees of the Postal Service.

6. The NPMHU admits the allegations contained in this paragraph.

## Statement of Facts

7. The NPMHU admits the allegations contained in this paragraph.

8. The NPMHU admits the allegations contained in this paragraph.

9. The NPMHU admits the allegations contained in this paragraph.

10. The NPMHU admits the allegations contained in this paragraph.

11. The NPMHU admits the allegations contained in the first two sentences of this paragraph.   As to the third sentence, the NPMHU admits that the process described in the first two sentences of this paragraph was unsatisfactory to it, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the third sentence.

12. The NPMHU admits that on April 16, 1992, the APWU, the NPMHU, and the Postal Service signed an agreement entitled "Memorandum of Understanding" pertaining to "Regional Instruction 399 – Dispute Resolution Procedures," ("MOU"), and admits that the

MOU contains the excerpts quoted in this paragraph, but denies that the quoted language accurately characterizes the MOU in its entirety.

13. The NPMHU admits that the MOU contains the excerpt quoted in this paragraph, but denies that the quoted language accurately characterizes the MOU in its entirety.

14. The NPMHU admits that the MOU contains the excerpt quoted in this paragraph, but denies that the quoted language accurately characterizes the MOU in its entirety.

15. The NPMHU admits that the parties mutually agreed to the appointment of Arbitrator Dana Eischen in 1997, that Arbitrator Eischen issued a National arbitration award on April 24, 1998, prior to the expiration of his term, and denies the remaining allegations contained in this paragraph.

16. The NPMHU admits that the parties mutually agreed to the appointment of Arbitrator Joseph Sharnoff in 2003, that Arbitrator Sharnoff issued a National arbitration award on April 22, 2006, and denies the allegations contained in this paragraph.

17. The NPMHU admits that the parties have not mutually agreed to the appointment of a National arbitrator or to the renewal of Arbitrator Sharnoff's appointment, and denies the remaining allegations contained in this paragraph.

18. The NPMHU denies the allegations contained in this paragraph.

19. The NPMHU admits the allegation contained in the first sentence of this paragraph. The NPMHU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.

20. The NPMHU denies the allegation contained in this paragraph.

21. The NPMHU denies the allegations contained in this paragraph.

22. The NPMHU denies the allegations contained in this paragraph.

23. The NPMHU admits the allegations contained in this paragraph.

24. The NPMHU denies the allegations contained in this paragraph.

25. The NPMHU admits that the MOU contains the excerpt quoted in this paragraph, but denies that the quoted language accurately characterizes the MOU in its entirety.

26. The NPMHU denies the allegations contained in this paragraph.

27. The NPMHU admits that the MOU contains the excerpts quoted in this paragraph, but denies that the allegations in this paragraph accurately characterize the provisions of the MOU in their entirety.

28. The NPMHU denies the allegations contained in this paragraph.

29. The NPMHU denies the allegations contained in this paragraph.

30. The NPMHU admits that the APWU submitted written documents referring to their positions on the "APPS" and "PMPC and L&DC" disputes, but denies the remaining allegations in this paragraph.

31. The NPMHU denies the allegations contained in this paragraph.

32. The NPMHU admits that the parties could not agree on an arbitration schedule, but denies the remaining allegations in this paragraph.

33. The NPMHU denies the allegations contained in this paragraph.

34. The NPMHU denies the allegations contained in this paragraph.

35. The NPMHU denies the allegations contained in this paragraph.

The unnumbered paragraph following paragraph 35 of Plaintiff's Complaint, headed "Prayer for Relief," sets forth Plaintiff's legal theories and conclusions rather than factual allegations, and therefore requires no response. To the extent that the Prayer for Relief states any factual allegations, the NPMHU denies the allegations.

To the extent the Complaint alleges facts that have not been specifically admitted in the foregoing paragraphs, such allegations are denied.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches.

### FOURTH DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### FIFTH DEFENSE

Plaintiff's Complaint is barred by the doctrine of estoppel.

Respectfully submitted,

/s/ Bruce R. Lerner
Bruce R. Lerner (D.C. Bar No. 384757)
Robert Alexander (D.C. Bar No. 465673)
Dora V. Chen (D.C. Bar No. 485200)
Bredhoff & Kaiser, P.L.L.C.
Suite 1000
805 Fifteenth Street, NW
Washington, DC 20005
(202) 842-2600
(202) 842-1888 (fax)

*Counsel for the*
*National Postal Mail Handlers Union*

Date:  March 5, 2007