UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO,<br><br>      Plaintiff,<br><br>      v.<br><br>NATIONAL POSTAL MAIL HANDLERS UNION, A DIVISION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,<br><br>      Defendant,<br>and<br><br>UNITED STATES POSTAL SERVICE,<br><br>      Necessary Party. | Civil Action No. 07-00003(PLF) |

**THE UNITED STATES POSTAL SERVICE'S ANSWER
TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The United States Postal Service ("Postal Service"), through counsel, hereby answers the numbered paragraphs of the Complaint filed in this action by the American Postal Workers Union, AFL-CIO ("APWU") as follows:

### INTRODUCTION

1. Paragraph 1 contains Plaintiff's characterizations of its cause of action to which no response is necessary.

### JURISDICTION AND VENUE

2. This paragraph sets forth Plaintiff's allegations regarding jurisdiction to which no response is required; to the extent that the paragraph is deemed to contain allegations of fact, they are denied.

3. This paragraph sets forth Plaintiff's allegations regarding venue to which no response is required; to the extent that the paragraph is deemed to contain allegations of fact, they are denied.

## PARTIES

4. The Postal Service admits the allegations of Paragraph 4.

5. The Postal Service admits the allegations of Paragraph 5.

6. The Postal Service admits the allegations of Paragraph 6.

## STATEMENT OF FACTS

### BACKGROUND

7. The Postal Service admits the allegations of Paragraph 7.

8. The Postal Service admits the allegations of Paragraph 8.

9. In response to the first, second and third sentences of paragraph 9, the Postal Service admits that disputes have arisen between the APWU and Defendant National Postal Mail Handlers' Union ("NPMHU") concerning assignment of work which the parties have referred to as "jurisdictional disputes." In response to the fourth sentence of paragraph 9, the Postal Service respectfully refers to the referenced document, Regional Instruction 399 ("RI-399") for its content and for a statement of the obligations RI-399 imposes on the Postal Service, if any.

10. The Postal Service admits that, prior to the issuance of RI-399 on April 16, 1992, disputes between the APWU and NPMHU over assignment of work would typically be brought by either union as a grievance under that union's collective bargaining agreement.

11. The Postal Service admits the allegations of Paragraph 11 except that it lacks knowledge and information sufficient to form a belief as to the unions' subjective "satisfaction" with the prior practice.

12. The Postal Service admits the allegation contained in this Paragraph regarding the signing of the MOU on April 16, 1992. The remaining allegations contained in this Paragraph constitute Plaintiff's characterization of the MOU, which document speaks for itself and is the best evidence of its contents.

13. The allegation contained in this Paragraph constitutes Plaintiff's characterization of the MOU, which document speaks for itself and is the best evidence of its contents.

## FAILURE TO APPOINT AND MAINTAIN A NATIONAL ARBITRATOR

14. The allegation contained in this Paragraph constitutes Plaintiff's characterization of the MOU, which document speaks for itself and is the best evidence of its contents.

15. The Postal Service admits that the APWU, the NPMHU and the Postal Service had several meetings after IR-399 was signed in April 1992 and that some of those meetings concerned the appointment of a National Level Arbitrator. The Postal Service further admits that in or about 1997, all parties agreed to the appointment of Arbitrator Dana Eischen and that Arbitrator Eischen issued one award in 1998 before his term expired.

16. The Postal Service admits that in or about 2003, all parties agreed to the appointment of Arbitrator Joseph Sharnoff and that Arbitrator Sharnoff issued one award in 2006 shortly after his term expired.

17. The Postal Service denies the allegations of the first sentence of Paragraph 17 and respectfully refers to the allegations of the second sentence of Paragraph 17 which seemingly contradicts the first. The Postal Service further admits that the NPMHU has failed to finalize the re-appointment of Arbitrator Sharnoff.

18. The Postal Service denies the allegations of Paragraph 18 but admits that there have been two national arbitration awards which have addressed IR-399 issues.

19. The Postal Service admits that there are approximately fourteen disputes pending at the national level but avers that it has not assessed the combined employee impact of the disputes.

20. The Postal Service denies the allegations of Paragraph 20.

21. The Postal Service lacks knowledge and information sufficient to form a belief as to the subjective motivation of the NPMHU in its decisions regarding arbitrations over the assignment of work. The Postal Service denies the allegations of the second sentence of this Paragraph and asserts its belief that delay in these circumstances does not serve the interests of any party.

22. This Paragraph sets forth a conclusion of law to which no response is needed. To the extent that a response may be deemed necessary, these allegations are denied.

### FAILURE TO SCHEDULE AND ATTEND NDRC MEETINGS

23. The Postal Service admits the allegations of Paragraph 23.

24. The Postal Service admits the allegations of Paragraph 24.

25. The allegation contained in this Paragraph constitutes Plaintiff's characterization of the MOU, which document speaks for itself and is the best evidence of its contents.

26. This Paragraph sets forth a conclusion of law to which no response is needed. To the extent that a response may be deemed necessary, these allegations are denied.

### FAILURE TO SCHEDULE ARBITRATION

27. The allegation contained in this Paragraph constitutes Plaintiff's characterization of the MOU, which document speaks for itself and is the best evidence of its contents.

28. The Postal Service admits the allegations of Paragraph 28.

29. The Postal Service admits the allegations of Paragraph 29.

30. The Postal Service admits the allegations of Paragraph 30.

31. The Postal Service respectfully refers to the referenced document for its content and particularly for its description of the referenced "prerequisites" to the referenced arbitrations.

32. The Postal Service admits the allegations of Paragraph 32.

33. This Paragraph sets forth a conclusion of law to which no response is necessary.

34. This Paragraph sets forth a conclusion of law to which no response is necessary.

### INJURIES TO THE APWU AND THE CLERKS IT REPRESENTS

35. This Paragraph sets forth a conclusion of law to which no response is necessary. To the extent that a response may be deemed necessary, these allegations are denied.

### PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief, to which no response is required.

Defendant denies each and every allegation in the Complaint that it has not expressly admitted or to which it has not responded that it has insufficient information to admit or deny the allegations.

WHEREFORE having fully answered, the Postal Service requests that this Court:

1. Find that the delay in the IR-399 MOU process, as reflected in the pleadings in this case, has not been caused or contributed to by any actions of the Postal Service; and

2. Find that the delay in the IR-399 process has been caused by delaying tactics on the part of the APWU and the NPMHU; and

3. Order that neither APWU nor NPMHU may recover back pay in any of the fourteen (14) arbitrations pending at the national level referenced in paragraph 19 of the Complaint.

Respectfully submitted,

/s/ Jeffrey A. Taylor /dch
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /dch
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly Russell
_____
BEVERLY RUSSELL, D.C. Bar #454257
Assistant United States Attorney
United States Attorney's Office,
 District of Columbia
555 Fourth Street, NW, Rm. E-4915
Washington, DC 20530
Ph:  (202) 307-0492

Of Counsel:
DENNIS E. SZYBALA
United States Postal Service

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *United States Postal Service's Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief* was sent by the Court's Electronic Case Filing System to:

<u>Counsel for Plaintiff</u>
Anton G. Hajjar
O'DONNELL, SCHWARTZ & ANDERSON, P.C.
1300 L Street, N.W., Suite 200
Washington, D.C. 20005-4178

<u>Counsel for National Postal Mail Handlers Union</u>
Bruce Richard Lerner
Dora V. Chen
Robert William Anderson
BREDHOFF & KAISER, P.L.L.C.
805 Fifteenth Street, N.W., Tenth Floor
Washington, D.C. 20005-2207

on this <u>12th</u> day of March, 2007.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney